IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>    Plaintiff,<br><br>    v.<br><br>BIVIN, et al.,<br><br>    Defendants. | No.  2:23-CV-0388-WBS-DMC-P<br><br><br>ORDER |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's original complaint, ECF No. 1.

   The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C. § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following parties as defendants: (1) Correctional Officer (CO) Bivin; (2) Correctional Sergeant (CS) Rios; (3) CO Reynolds; (4) Associate Warden Stewart; and (5) CO Dhillion.  See ECF No. 1, pg. 2.  Plaintiff asserts three claims.

### Claim I

Plaintiff alleges that his rights to equal protection were violated by CO Bivin, CS Rios, and CO Reynolds. See id. at 3.  Plaintiff contends that on September 21, 2021, at 9:00 AM CO Bivin commanded Plaintiff to get out of his wheelchair.  See id.  After CS repeated the command, Plaintiff complied and surrendered the chair.  See id.  Plaintiff states that he was forced to walk 100 yards with his cane to attend his court appearance, which took over twenty minutes and caused him to miss his appointment.  See id.  Plaintiff asserts he then asked CO Reynolds if he could use the wheelchair to get back, but CO Reynolds ordered him to "man-up and walk back."

Plaintiff states that he tried to walk back but fell.  See id.  Plaintiff alleges that he was placed in a neck collar and gurney, but during transport he "was dropped upon his head." See id.  Further, Plaintiff contends that unknown officers threatened the doctor and forced Plaintiff to be returned to the prison without receiving care.  Plaintiff states that on November 15, 2021, a "neurosurgeon stated cervical surgery to replace C-5-6, C-6-7 disc was required" and this diagnosis was affirmed on March 14, 2022.  See id.  Plaintiff alleges that he never has been provided surgery nor received pain medication for the injury.

Claim II

Plaintiff contends that CO Dhillion violated his constitutional rights by using excessive force against him. See ECF No. 1, pg. 4. Plaintiff alleges that on or about November 8, 2021, CO Dhillion shut the power cell door which pressed Plaintiff's shoulders between the door frame and wall. See id. Plaintiff indicates he had trouble filing a report but was eventually able to have Associate Warden Stewart contact a doctor and schedule surgery for January 7, 2022. See id. Plaintiff alleges that he was transferred to California Medical Facility on January 7, 2022, to receive the surgery. Plaintiff then contends that the surgery was cancelled by Associate Warden Stewart "as reprisal over [Plaintiff's] filing [of] the staff complaint against associate Warden Stewart side girl correctional officer Dhillion." See id.

Claim III

Plaintiff's final claim is a retaliation claim based on the same facts discussed in his second claim. See id. at 5. Plaintiff alleges that the transfer to California Medical Facility caused him to contract Covid-19. See id. Plaintiff also claims that the surgery was cancelled to retaliate against Plaintiff, and as a result he lost his ability to walk. See id.

**II. DISCUSSION**

The Court finds that Plaintiff's complaint states a cognizable excessive force claim in Claim II against Defendant Dhillion arising from the incident on November 8, 2021, and a cognizable retaliation claim in Claim III against Defendant Stewart based on cancellation of Plaintiff's surgery. The Court also finds, however, that Plaintiff's complaint suffers a number of defects, each of which is discussed in more detail below. First, Plaintiff's Claim I fails to allege sufficient facts to sustain an equal protection claim against any defendant. Second, Plaintiff's complaint fails to allege any facts to establish the liability of Defendants Rios, who is a supervisory employee but not mentioned in the complaint.

///

///

///

**A.     Equal Protection**

In Claim I, Plaintiff alleges that Defendants Bivin, Reynolds, and Rios violated his equal protection rights by forcing him to walk with a cane instead of allowing Plaintiff to use a wheelchair.

Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972). Prisoners are protected from invidious discrimination based on race. See Wolff v. McDonnell, 418 U.S. 539, 556 (1974). Racial segregation is unconstitutional within prisons save for the necessities of prison security and discipline. See Cruz v. Beto, 405 U.S. 319, 321 (1972) (per curiam). Prisoners are also protected from intentional discrimination on the basis of their religion. See Freeman v. Arpaio, 125 F.3d 732, 737 (9th Cir. 1997). Equal protection claims are not necessarily limited to racial and religious discrimination. See Lee v. City of Los Angeles, 250 F.3d 668, 686-67 (9th Cir. 2001) (applying minimal scrutiny to equal protection claim by a disabled plaintiff because the disabled do not constitute a suspect class); see also Tatum v. Pliler, 2007 WL 1720165 (E.D. Cal. 2007) (applying minimal scrutiny to equal protection claim based on denial of in-cell meals where no allegation of race-based discrimination was made); Harrison v. Kernan, 971 F.3d 1069 (9th Cir. 2020) (applying intermediate scrutiny to claim of discrimination on the basis of gender).

In order to state a § 1983 claim based on a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege that defendants acted with intentional discrimination against plaintiff, or against a class of inmates which included plaintiff, and that such conduct did not relate to a legitimate penological purpose. See Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) (holding that equal protection claims may be brought by a "class of one"); Reese v. Jefferson Sch. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991); Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985).

/ / /

/ / /

Here, Plaintiff has not included any allegations as to Defendant Rios and Plaintiff fails to allege that Defendants Reynolds or Bivin acted with intentional discrimination. Nor has Plaintiff alleged the absence of any legitimate penological reason for Defendants' conduct. Plaintiff will be provided an opportunity to amend to clarify his equal protection claim.

### B. Supervisor Liability

Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

As mentioned above, Plaintiff's complaint does not contain any allegations related to Defendant Rios. Plaintiff will be provided an opportunity to amend.

///

///

5

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: July 25, 2023

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE