1

2

3

4

5

6

7

8                  **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    LARRY WILLIAM CORTINAS,                 No.  2:23-CV-0388-WBS-DMC-P

12              Plaintiff,

13         v.                                 FINDINGS AND RECOMMENDATIONS

14    BIVIN, et al.,

15              Defendants.

16

17             Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

18    42 U.S.C. § 1983.  Pending before the Court is Plaintiff's first amended complaint, ECF No. 16.

19             Plaintiff's allegations have been summarized in the Court's August 15, 2024, order.

20    See ECF No. 17.  In that order, the Court determined that Plaintiff's first amended complaint was

21    appropriate for service on a number of defendants as to Plaintiff's Claim I, Claim II, and Claim

22    IV.  See id.  Specifically, the Court stated that the following claims could proceed:

23             (1) Plaintiff's medical deliberate indifference claim in Claim I that
                 Defendant Rios knew a wheelchair was medically necessary and,
24               nonetheless, ordered Plaintiff not to use it, causing Plaintiff to fall and hurt
                 himself.
25
                 (2) Plaintiff's medical deliberate indifference claim in Claim II that
26               Defendant Reynolds knew the wheelchair was necessary and denied it.

27    / / /

28    / / /

                                                   1

(3) Plaintiff's claim in Claim IV against Defendant Dhillion for retaliation arising from Plaintiff's allegations of Dhillion shutting the cell door on Plaintiff in response to Plaintiff having made grievances against him and other officers regarding the need for medical care, including the need for a wheelchair, a wheelchair pusher, and increased shower time due to his disability.

(4) Plaintiff's claim in Claim IV against Defendant Stewart based on Plaintiff's allegations that Defendant Stewart knew about the use-of-force staff complaint that Plaintiff had tried to file against Dhillion for his conduct, but failed to alert the investigative unit so that video documentation could be made of Plaintiff's injuries.

(5) Plaintiff's excessive force claim in Claim IV against Dhillion for allegedly crushing Plaintiff in a cell door.

See id.

Other claims were deemed insufficient to proceed and Plaintiff was provided an opportunity to amend within 30 days and cautioned that, if no amended complaint was filed within the time permitted therefor, the Court would recommend dismissal of those claims identified as deficient. See id.  To date, more than 30 days have passed, and Plaintiff has not filed an amended complaint.  By separate order, the Court will direct service as to the claims and defendants identified above.

Based on the foregoing, the undersigned recommends as follows:

1.      This action proceed on Plaintiff's first amended complaint as to the claims and defendants outlined above.

2.      Plaintiff's Claim III be dismissed with prejudice for failure to state a claim upon which relief can be granted.

3.      Defendant Bivin be dismissed with prejudice for failure to state a claim against whom relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections.

///

///

2

Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


Dated:  November 18, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE