IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY WILLIAM CORTINAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BIVIN, et al.,<br><br>　　　　Defendants. | No. 2:23-CV-0388-WBS-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to Eastern District of California local rules.

On November 18, 2024, the Magistrate Judge filed findings and recommendations herein which were served on the parties, and which contained notice that the parties may file objections within the time specified therein. No objections to the findings and recommendations have been filed.

The Court has reviewed the file and finds the findings and recommendations to be supported by the record and the Magistrate Judge's analysis.

/ / /

/ / /

/ / /

1

Accordingly, IT IS HEREBY ORDERED as follows:

1. The findings and recommendations filed November 18, 2024, ECF No. 21, are adopted in full.

2. This action shall proceed on Plaintiff's first amended complaint as to the following claims:

    (a) Plaintiff's medical deliberate indifference claim in Claim I that Defendant Rios knew a wheelchair was medically necessary and, nonetheless, ordered Plaintiff not to use it, causing Plaintiff to fall and hurt himself.

    (b) Plaintiff's medical deliberate indifference claim in Claim II that Defendant Reynolds knew the wheelchair was necessary and denied it.

    (c) Plaintiff's claim in Claim IV against Defendant Dhillion for retaliation arising from Plaintiff's allegations of Dhillion shutting the cell door on Plaintiff in response to Plaintiff having made grievances against him and other officers regarding the need for medical care, including the need for a wheelchair, a wheelchair pusher, and increased shower time due to his disability.

    (d) Plaintiff's claim in Claim IV against Defendant Stewart based on Plaintiff's allegations that Defendant Stewart knew about the use-of-force staff complaint that Plaintiff had tried to file against Dhillion for his conduct, but failed to alert the investigative unit so that video documentation could be made of Plaintiff's injuries.

    (e) Plaintiff's excessive force claim in Claim IV against Dhillion for allegedly crushing Plaintiff in a cell door.

2. Plaintiff's Claim III is dismissed with prejudice for failure to state a claim upon which relief can be granted.

3. Defendant Bivin is dismissed with prejudice for failure to state a claim against whom relief can be granted.

4. This matter is referred back to the assigned Magistrate Judge for further proceedings.

Dated: January 16, 2025

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

2